UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL L. SELF, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:00CV1903 TIA |
| ) | |
| EQUILON ENTERPRISES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiffs' Emergency Motion for Sanctions, Motion for Extension of Deadlines under the Case Management Order, and Opposition to Defendants' Combined Statement of Compliance (Docket No. 341); Defendants' Combined Statement of Compliance with the Court's March 17, 2006, Order and Motion for Clarification (Docket No. 338); Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on Rent Claims and in the Alternative, Motion for Continuance under Rule 56(f) (Docket No. 389); Plaintiffs' Motion for Rule 56(f) Continuance and Response to Defendants' Motion for Summary Judgment on Plaintiffs' Robinson-Patman Act and Missouri Motor Fuel Marketing Act Claims (Docket No. 366); Plaintiffs' Rule 56(f) Motion for Continuance as to Defendants' Motion for Partial Summary Judgment on the Grounds of Release (Docket No. 335); Defendants' Motions for Summary Judgment on Plaintiffs' Rent Claims (Docket No. 315), Robinson-Patman Act and Missouri Motor Fuel Marketing Act Claims (Docket No. 313), and Plaintiffs' § 2-305 Claims (Docket No. 317); Defendants' Motions for Partial Judgment on the Pleadings on the Grounds of Res Judicata and Collateral Estoppel (Docket No. 303) and on the Grounds of Release (Docket No. 305); and Defendants' Consent Motion for Extension of Time to File Reply Briefs (Docket No. 400).

### 1. MPSI -CD

At the hearing on June 2, 2006, Defendants certified that they produced a copy of the MPSI CD on May 17, 2006, and Plaintiffs acknowledged the same. Plaintiffs allege the CD is missing ten input and output files. On the record, Defendants certified that they did not delete any of the files from the MPSI CD. In response, Plaintiffs contend that their expert, Dr. Matthews reviewed a CD from another Defendant produced in a similar case, and determined that such CD contained missing files from the MPSI CD produced by Defendants. In Defendants' Memorandum of Discovery Certification, Defendants certified that "they copied the CD provided to them by MPSI and produced that copy to Plaintiffs." Based on the foregoing, the Court finds that Defendants produced a copy of the MPSI CD provided by MPSI

### 2. Jobber Pricing

At the hearing on June 2, 2006, Defendants admitted that there is a nine-month gap in the jobber pricing data produced to Plaintiffs due to the data being lost in computer conversions when transferred from combined Shell and Texaco in 1998, but such information is publicly available through Oil Price Information Service ("OPIS") incorrectly identified as Oil Products Industry Service.[1] In response, Plaintiffs noted that they were not aware that Defendants were missing nine months of data and questioned whether Defendants would challenge the OPIS jobber prices or pricing information. On the record, Defendants affirmed that they would not challenge the OPIS jobber prices or OPIS pricing information. In Defendants' Memorandum of Discovery Certification, Defendants certified that they have searched their systems and have been unable to

---

[1]Nonetheless, the Court finds as noted by Defendants, Defendants not only brought OPIS to Plaintiffs' attention in a pleading filed on August 5, 2005, but Defendants provided Plaintiffs with copies of web pages citations as well as copies of the web pages attached as exhibits to the pleading. Defendants represented in the pleading that they would be producing jobber pricing data for Texaco-branded fuel for the relevant time frame, January 1998, through December 3, 2002, as soon as it is retrieved.

locate jobber pricing from January 1, 1998, through September 30, 1998, for terminals supplying the St. Louis area. Defendants suggest that Plaintiffs can obtain rack pricing for this time period from a third-party reporting service such as OPIS and note that they advised Plaintiffs of the same in a pleading filed on August 5, 2005. Based on Defendants' certification on the record at the hearing on June 2, 2006, and Defendants' Reply Memorandum in Support of Their Discovery Certification, Defendants cannot challenge the accuracy or admissibility of information obtained from OPIS or Lundberg regarding jobber or rack pricing from January 1, 1998, through September 30, 1998.

### 3. Credit Card Transactional Data

At the hearing on June 2, 2006, Defendants reported having produced CD with 2001-2002 credit card data including customer's zip codes on May 26, 2006, in addition to certain credit card agreements. In response, Plaintiffs argue that Defendants' production did not comply with the time constraints imposed by the March 17, 2006, Order, and did not include credit card information prior to 2001. Plaintiffs further note that Defendants did not produce the credit card agreement with First Data. Plaintiffs also note that Defendants should have produced the credit card transactional data earlier and not use the excuse that Plaintiffs' requested for address information. Defendants certify in their Memorandum of Discovery Certification that they produced credit card transactional data in an electronic format covering 2001-2002 period. Defendants further certify that they do not have credit card transactional data in an electronic format for any other time period relevant to the instant case. With respect to credit card transactional data prior to 2001, Defendants certify such data is only on microfiches or CD-ROM and does not contain any customer addresses or zip code information and offer to allow Plaintiffs' counsel to view a sample of the pre-2001 credit card data in Houston. After reviewing such credit card data, Plaintiffs may file a supplemental pleading addressing Defendants' production of

credit card data. Defendants shall produce its credit card agreements with third-party vendors, including Citibank, no later than August 21, 2006.

**4. Secondary Transportation and Cost Information**

At the hearing, Defendants opined that they maintain in the ordinary course of business secondary transportation and cost information on a monthly basis and in a yearly amount/cents per gallon costs, not a daily basis or by station per delivery as requested by Plaintiffs, and the best evidence is set forth in the P & L statement for company-operated stations. Plaintiffs report first learning at the hearing that Defendants have secondary transportation costs in a yearly amount as represented by the cents per gallon costs. In the Memorandum of Discovery Certification, Defendants offered to produce available estimated annualized delivery costs on a cents-per-gallon basis and to continue their investigation to determine whether cost information is available at the terminal level on a daily basis. Accordingly, no later than August 30, 2006, Defendants shall produce estimated annualized delivery costs on a cents-per-gallon basis and cost information at the terminal level on a daily basis for any part of the relevant time frame if such cost information is available. If upon completion of investigation, Defendants determine such cost information is not available at the terminal level on a daily basis, Defendants shall certify the same to the Court no later than August 30, 2006.

**5. Volume Information**

At the hearing, Plaintiffs contended that they are missing volume data for twelve Plaintiff stations and forty dealer and company-owned stations and request such data to be produced in an electronic format. Defendants responded by claiming that they produced daily volume for all company-operated locations in the St. Louis area. In their Certification, Defendants report that they have produced the volume data for motor fuel sold at company-operated stations on a daily basis, for motor fuel sold to dealer-operated stations on a delivery basis from October 1996

through December 1998, and for motor fuel sold to dealer-operated stations on a monthly basis from January 1, 1999, through December 2, 2002. Defendants contend that they do not have to produce volume data from 1999-2002 on a delivery basis inasmuch as retrieving such volume data would require them to query the information from their computer systems, and this is not required by the Federal Rules of Civil Procedure. In the Sur-Reply and Supplemental Discovery Certification, Defendants certify that they have supplemented discovery production to include volume data on a delivery-day basis for all dealer-operated stations in the St. Louis market from 1999-2002. With respect to the nine dealer-operated locations, Defendants determined that volume data was missing for one station and that several of the stations identified were not retail stations in the St. Louis market, and volume data for the other locations had already been produced.

**6. Transfer Price**

At the hearing, Plaintiffs contended that Defendants set the transfer price in the ordinary course of business and requested all documents defining transfer price. David Harris, counsel for Defendants, certified on the record "there isn't anymore documents about transfer pricing." (Motion Hearing held on June 2, 2006, at 55). Defendants explained that the transfer price is the retail tankwagon price ("RTW"). Plaintiffs argue that none of the documents produced by Defendants show transfer price to be from refinery to the terminal and request the Court to order Defendants to produce all documents showing the RTW price to be the definition of transfer price. In their Discovery Certification, Defendants note that they have served a verified interrogatory answer stating that the RTW price for a given price pad is the transfer price for that PAD. Plaintiffs respond arguing that Defendants are circumventing a request for production of documents by relying on an interrogatory answer. Based on counsel's certification on the record during the hearing on June 2, 2006, the Court will deny Plaintiffs' request finding that Defendants

have certified that they have produced all documents relating to its transfer pricing.

Pursuant to the hearing held before the undersigned on June 2, 2006, in open Court and in the presence of counsel, and the pleadings filed thereafter, the Court issues the following orders:

**IT IS HEREBY ORDERED** that Defendants' Combined Statement of Compliance with the Court's March 17, 2006, Order and Motion for Clarification (Docket No. 338) is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Emergency Motion for Sanctions, Motion for Extension of Deadlines Under the Case Management Order, and Opposition to Defendants' Combined Statement of Compliance (Docket No. 341) is **DENIED IN PART AND GRANTED IN PART**. An Amended Case Management Order will be entered in accordance with this Order after the parties submit proposed trial dates starting in September, 2007. The parties shall file the proposed trial dates no later than August 21, 2006. A separate Order will issue regarding the search of e-mail boxes including the search terms to be used and search syntax and the search of back-up files.

**IT IS FURTHER ORDERED** that Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on Rent Claims and in the Alternative, Motion for Continuance under Rule 56(f) (Docket No. 389) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on Plaintiffs' Rent Claims (Docket No. 315) is **DENIED WITHOUT PREJUDICE** subject to Defendants readopting, refiling, and/or supplementing as deemed necessary upon completion of discovery.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Rule 56(f) Continuance and Response to Defendants' Motion for Summary Judgment on Plaintiffs' Robinson-Patman Act and

Missouri Motor Fuel Marketing Act Claims (Docket No. 366) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on Plaintiffs' Robinson-Patman Act and Missouri Motor Fuel Marketing Act Claims (Docket No. 313) is **DENIED WITHOUT PREJUDICE** subject to Defendants readopting, refiling, and/or supplementing as deemed necessary upon completion of discovery.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings on the Grounds of Res Judicata and Collateral Estoppel (Docket No. 303) is **DENIED WITHOUT PREJUDICE** subject to Defendants readopting, refiling, and/or supplementing as deemed necessary upon completion of discovery.

**IT IS FURTHER ORDERED** that Plaintiffs' Rule 56(f) Motion for Continuance as to Defendants' Motion for Partial Summary Judgment on the Grounds of Release (Docket No. 335) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment on the Grounds of Release (Docket No. 305) is **DENIED WITHOUT PREJUDICE** subject to Defendants readopting, refiling, and/or supplementing as deemed necessary upon completion of discovery.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on Plaintiffs' § 2-305 Claims (Docket No. 317) is **DENIED WITHOUT PREJUDICE** subject to Defendants readopting, refiling, and/or supplementing as deemed necessary upon completion of discovery.

**IT IS FURTHER ORDERED** that Defendants' Consent Motion for Extension of Time to File Reply Briefs (Docket No. 400) is **DENIED IS MOOT**.

Dated this 8th day of August, 2006.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE