UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL L. SELF, et al.,                        )
                                               )
                Plaintiffs,                    )
                                               )
        v.                                     )        Case No.  4:00CV1903 TIA
                                               )
EQUILON ENTERPRISES, LLC, et al.,              )
                                               )
                Defendants.                    )

## ORDER

This matter is before the Court after a status hearing regarding the production of electronic documents held on January 26, 2007.

This case has been pending more than six years.  Plaintiffs filed the instant case on October 10, 2000, in the Circuit Court of the City of St. Louis and after service of process of the petition, Defendants timely removed the action to this Court on November 30, 2000.  (Docket No. 1/November 30, 2000).  Plaintiffs filed a First Amendment to Petition.  (Docket No. 41/April 2, 2001).  On February 7, 2002, the Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiffs' Complaint or for More Definite Statement (Docket No. 79) and clarified its Order on February 20, 2002, by ordering Plaintiffs to file their Amended Complaint no later than March 5, 2002.  (Docket No. 81/filed February 20, 2002).  On April 5, 2002, Defendants filed a Motion to Strike and to Dismiss Plaintiffs' Amended and Restated Complaint.  (Docket No. 85).  On January 14, 2003, the Court granted in part and denied in part Defendants' Motion to Strike and to Dismiss and ordered "the parties prepare an appropriately amended Joint Scheduling Order and file it with the Court within 21 (twenty- one) days **so that discovery may proceed and the case may move forward**."  (Docket No. 95 at p. 5) (emphasis added).  The parties failed to comply with this directive until ordered by the Court sua sponte on review of the court file, to file

with the Court no later than November 10, 2003, an amended Joint Scheduling Order **"so that discovery may proceed and the case may move forward."**  (Docket No. 109 at p.1/October 22, 2003)(emphasis added).  The Court entered an amended Case Management Order on January 22, 2004.  (Docket No. 116).  On May 26, 2004, the Court granted Plaintiffs' Motions for Leave to File Their Amended and Restated Complaint and for Leave to Substitute Corrected Amended and Restated Complaint.  (Docket No. 164).  Plaintiffs filed an Emergency Motion for this Court to have a Hearing to Amend the Case Management Order to Extend Discovery Deadlines and admitted that "no depositions have yet been taken."  (Docket No. 232 at p. 1/filed December 1, 2004).  On March 30, 2005, the Court granted in part and denied in part Defendants' Motion to Dismiss and to Strike Directed at Plaintiffs' Amended and Restated Complaint (Docket No. 180/filed July 9, 2004) and dismissed Count IV, V, and VII, and ordered the parties to file a proposed Amended Case Management Order extending the discovery deadlines and to file an Amended Complaint no later than June 8, 2005.  (Docket No. 241/filed March 30, 2005).  On May 5, 2005, the Court entered an Amended Case Management Order with the completion of discovery date to be no later than February 28, 2006.  (Docket No. 246 at p.2).  Plaintiffs filed the Amended Complaint under seal on June 8, 2005.  (Docket No. 247).  On July 6, 2005, Plaintiffs filed a Motion to Compel Discovery (Docket No. 250) and an Amended Motion to Compel on July 15, 2005.  (Docket No. 257).  On July 12, 2005, Defendants filed a Motion to Compel. (Docket No. 251).  On August 15, 2005, the Court scheduled a telephone conference to be held on August 26, 2005.  <u>See</u> Docket Text Order of August 15, 2005. The undersigned underwent an emergency surgical procedure on August 25, 2005, and thus cancelled the hearing scheduled on August 26, 2005.  The Court contacted the parties to determine whether it would be best to have the case randomly reassigned to another judge, or whether the parties preferred to stay the course before the undersigned.  All parties elected to remain before the undersigned to avoid having to

reinvent the wheel.

On February 28, 2006, the Court scheduled a hearing on the pending discovery motions and Plaintiffs' Motion to Amend the Case Management Order and Postpone Deadlines. After the hearing on March 15, 2006, the Court entered an Amended Case Management Order (Docket No. 322), and entered rulings on the pending discovery motions. (Docket No. 323). On May 19, 2006, the Court scheduled a hearing on discovery matters, Defendants' Combined Statement of Compliance with the Court's March 17, 2006, Order and Motion for Clarification, and Plaintiffs' Emergency Motion for Sanctions, Motion for Extension of Deadlines under the Case Management Order, and Opposition to Defendants' Combined Statement of Compliance for June 2, 2006. After the hearing, the parties filed on June 13, 2006, status reports to the Court regarding their negotiations of a search protocol for the search of current e-mail boxes and the production of e-mails. The Court scheduled a telephone conference for July 28, 2006, on Defendants' Combined Motion for Protective Order to quash Plaintiffs' Rule 30(b)(6) Deposition Notice (Docket No. 399) and entered an Order denying in part the motion with respect to Shell and Equilon designating a representative and making such representative available for deposition regarding the retention of employee e-mails and back-up tapes and searches of e-mails and credit card transactional data no later than August 16, 2006. See Docket Text Order of July 28, 2006.

On August 8, 2006, the Court entered an Order granting in part and denying in part Defendants' Combined Statement of Compliance with the Court's March 17, 2006, Order and Motion for Clarification (Docket No. 338) and Plaintiffs' Emergency Motion for Sanctions, Motion for Extension of Deadlines Under the Case Management Order, and Opposition to Defendants' Combined Statement of Compliance(Docket No. 341). (Docket No. 407). On August 16, 2006, the Court entered an Order regarding the production of e-mails and ordered Defendants to conduct a 220-term e-mail search of mailboxes for thirty-five custodians as set

forth in the Order and to produce the e-mail responses no later than September 1, 2006, and to report the results of the e-mail search no later than September 5, 2006. (Docket No. 410). On August 30, 2006, the Court held a hearing on Defendants' Motion for Reconsideration of Certain of the Deadlines set forth in the Court's August 16, 2006, Order Regarding the Search for and Production of E-Mail ("Motion for Reconsideration"). (Docket No. 416). On August 31, 2006, the Court entered an Order granting in part and denying in part Defendants' Motion for Reconsideration and directing Defendants to run an e-mail search and to report to the Court on September 5, 2006, the total number of e-mails processed and loaded and directing the parties to report to the Court on September 8, 15, 22, and 29, 2006, on the status of the e-mail production and the number of documents the e-mail searches had produced and the number of e-mail documents produced to Plaintiffs. (Docket No. 425). In that Order, the Court scheduled a status conference on October 3, 2006, and directed the parties to report on the status of the e-mail production. Thereafter, the parties filed reports to the Court regarding the status of the e-mail production. (Docket Nos. 427 and 429-38). Based on the argument of counsel at the telephone hearing on October 3, 2006, the Court ordered the reporting requirements to continue having the parties continue the weekly reports and further ordered Defendants to file a privilege log on November 10, 2006. The parties reported to the Court as directed. (Docket Nos. 440, 442-45, 450-52, 454, 456, 458, 460-62). The Court granted Defendants' Consent Motion for Extension of Time to File Privilege Log (Docket No. 453), and extended the deadline for Defendants to file the privilege log to November 24, 2006. See Docket Text Order of November 8, 2006. After being granted a second extension, Defendants filed the privilege log on December 1, 2006. (Docket No. 460). In total, approximately 10,000 e-mails deemed relevant by the Defendants were delivered to Plaintiffs pursuant to the search terms.

On December 21, 2006, the Court held a status hearing regarding periodic reporting of

the production of e-mails/privilege log.  <u>See</u> Docket Text Order of December 5, 2006.  Based on the parties' pleadings and the arguments presented at the hearing, the Court entered an Order on December 22, 2006, directing Defendants to produce all e-mails tagged by the search term "transfer price" whether deemed relevant or not after completing a privilege review of the e-mails, amending the Case Management Orders, and scheduling a hearing on the status of the electronic discovery for January 19, 2007.  (Docket No. 464).   As directed in the Order of December 22, 2006, Defendants filed a Report regarding the production of e-mails tagged by the search term "transfer price" after completing a privilege review.  Approximately 6,000 e-mails were delivered to Plaintiffs.  (Docket No. 468).  After granting Plaintiffs' Emergency Motion for Continuance (Docket No. 465), the Court continued the status hearing to January 26, 2007.  (Docket No. 470).

     As termed by the parties at the hearing on January 26, 2007, the December 22, 2006, Order constituted a challenge to the Plaintiffs to show how after reviewing all of the tagged e-mails containing the search term "transfer price," Defendants have withheld or "cherry picked" relevant e-mails.  The production of e-mail discovery is somewhat unchartered territory with the Federal Rules of Civil Procedure being amended as of December 1,  2006.   As noted at the hearing without dispute, three of the exhibits attached to Plaintiffs' Report as examples of relevant withheld e-mails had been previously produced by Defendants in discovery and thus are duplicative and cumulative.   The remaining exhibit Plaintiffs attached in support of their argument for additional e-mail discovery appears to be possibly relevant but is only 1 of 6,000 e-mails produced.  Accordingly, the Court finds that based on what Plaintiffs presented in their Report and argument in open court, Plaintiffs have not shown that the need for further electronic discovery outweighs the burdens and costs of locating, retrieving, and producing such information and have not shown that Defendants were withholding or "cherry picking" relevant e-mails.  In

evaluating the burdens and costs of ordering additional e-mail discovery, the undersigned finds that Plaintiffs have failed to show the likelihood of finding responsive, relevant information from the production all remaining "tagged" e-mails deemed not relevant by the Defendants. If after completing their review of the e-mails tagged by the search term "transfer price" and produced on January 12, 2007, Plaintiffs locate any "smoking gun" e-mails showing Defendants withheld relevant e-mails or evidence that the Defendants systematically withheld relevant e-mails, the Court will reconsider the instant ruling. After reviewing the parties' pleadings and the record before the Court and considering the arguments presented at the January 26, 2007, hearing, the Court orders as follows:

**IT IS HEREBY ORDERED** that Plaintiffs shall bear the costs of all additional e-mail searches, if any, in accordance with the Court's August 16, 2006, Order.

**IT IS FURTHER ORDERED** that Plaintiffs' request for an extension of the expert deadlines is DENIED.

Dated this  2nd  day of February, 2007.

/S/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE