UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL L. SELF, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:00CV1903 TIA |
| ) | |
| EQUILON ENTERPRISES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Strike Expert Reports (Docket No. 486). Defendants request that the Court strike certain expert reports submitted by Plaintiffs for failure to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and the Case Management Order ("CMO"). In the instant Memorandum and Order, the Court addresses the motion as directed to the expert reports of Professor David Kamerschen ("Kamerschen").

Under the current CMO, Plaintiffs were required to disclose their expert witnesses and produce expert reports by March 30, 2007. On March 30, 2007, Plaintiffs served the Preliminary Expert Economic Report of Professor David Kamerschen ("Original Report"). On May 24, 2007, without seeking leave or requesting an extension of the CMO deadline, Kamerschen submitted the Preliminary Supplement Report ("Supplemental Report"), and Plaintiffs produced this report to Defendants on June 5, 2007.

Defendants contend that the Original Report contains conclusory and preliminary opinions that are impermissible under Rule 26(a)(2)(B). With respect to his damages opinion as to discriminatory pricing of diesel fuel, Kamerschen opined that he would render his opinion in the future

due to the data only recently being made available to Plaintiffs. Two of Plaintiffs, David Anderson and Alatex, Inc., at two locations, sold diesel fuel during the relevant time period. Defendants contend that Kamerschen's opinion as to below-cost pricing should be stricken inasmuch as he rendered a preliminary report as to whether Shell engaged in below cost or predatory pricing via the retail prices they charged at company stations ("COROS"): Kamerschen opined that "it is possible that Shell may have engaged in predatory pricing at its COROS.[1] Defendants argue that Kamerschen's admission that he has seen no evidence to date of predatory pricing and he has not completed the preliminary analysis regarding the possibility predatory pricing occurred fails to comply with the Rule requiring complete statement of all opinions, not a statement of intent to perform an analysis in the future. Defendants further move to strike Kamerschen's Supplemental Report, dated May 24, 2007, in its entirety and to prohibit Kamerschen from testifying as to the opinions rendered therein. Defendants contend that the Supplemental Report is untimely[2] and purports to be preliminary based on his opining: [t]he calculation of this part of the damages has not been completed as yet, and I reserve the right to perform this calculation at a later time based on additional information." Defendants contend that this reservation is contrary to the purpose of Rule 26(a)(2)(B)'s requirement that expert reports be "a complete statement of all opinions to be expressed and the basis of the reasons therefor."

---

[1]More specifically, Kamerschen opined:
I have seen no evidence to date as to whether the company-operated stations consistently lost money by pricing predatorily, and if so, how much some of the Plaintiffs were damaged. However, it is possible that predatory pricing occurred. If, for instance, Shell claims that DTW/RTW is the actual transfer price charged to COROS, preliminary analysis suggests that there could have been below-cost pricing. That analysis has not been completed as of this date.

[2]Plaintiffs served the Supplemental Report two months after the CMO deadline and after providing deposition dates.

In response, Plaintiffs note that although the Original Report does not include a calculation of the damages two of the Plaintiffs suffered as a result of Equilon's price discrimination in diesel fuel sales, his report sets forth the methodology to be used in making such calculations. Plaintiffs note that inasmuch as Defendants do not request to strike Kamerschen's entire report, Defendants should have to proceed with his deposition regardless of whether or not its motion is granted. Thus, Plaintiffs argue that the conservation of resources test does not require a ruling by the Court before his deposition. Plaintiffs contend that Kamerschen in the report set forth a methodology for calculating damages for the 28 locations and his methodology would not change when calculating damages for the two locations selling diesel fuel. Likewise, with respect to the report not providing specific evidence regarding below cost pricing, Plaintiffs contend that they only plan to produce below cost pricing evidence if the Court finds that contrary to Plaintiffs' theory of the case, the RTW/DTW price was Equilon's transfer price. With respect to the motion seeking to strike the Supplemental Report, Plaintiffs argue that the Supplemental Report provides no new or additional opinions but rather, the report shows the calculations he made in employing the methodology set forth in his Original Report. Plaintiffs contend that the delay in supplementing is not only substantially justified but also harmless in light of Kamerschen's deposition being scheduled on July 18, 2007.

While the Court appreciates Defendants' concerns, the Court notes that Kamerschen's deposition is not scheduled until July 18, 2007. Notwithstanding the earlier rulings, the Court is cognizant of the CMO and holding firm on the deadlines delineated in the CMO. The Court believes that at this juncture it would be helpful to have the deposition testimony of this witness before ruling on the Motion to Strike. Nonetheless, the Court will limit Kamerschen's opinions to those set forth

in the Original and Preliminary Reports and will consider striking any testimony in any manner that is contrary to or inconsistent with the opinions set forth in the reports or for the reasons asserted in Defendants' Motion to Strike.  See Smith v. State Farm Fire and Casualty Co., 164 F.R.D. 49, 53 (S.D. W. Va. 1995) (Rule 26(a)(2)(B) calls for complete statement of all experts' opinions to be expressed in report).  Likewise, if during his deposition, Kamerschen includes opinions raised for the first time or not expressed in the reports, the Court will consider striking the same.

After reviewing the parties' pleadings and the record before the Court and considering the arguments presented at the June 26, 2007, hearing, the Court orders as follows:

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike (Docket # 486) is DENIED WITHOUT PREJUDICE as directed to the Kamerschen Reports.

Dated this  29th  day of June, 2007

                                                    /s/ TERRY I. ADELMAN
                                      UNITED STATES MAGISTRATE  JUDGE